## No. 7263.

### FRANCIS BONNAFFÈ VS. SUCCESSION OF WIDOW BONNAFFÈ.

A donation to take effect after the death of the donor must be in substance and in form a testamentary disposition. A verbal gift of a watch *inter vivos*, unaccompanied by delivery, and not to be delivered nor to be the property of the donee until after the donor's death, cannot be enforced.

Fernandez *vs.* Murphy.

He who claims from a succession payment for services alleged to have been rendered the deceased, must have his conduct and acts, while his alleged debtor was alive, weighed with his testimony against her now that she is dead, and if all the facts and circumstances preclude the belief that he has a just claim, or that he ever intended to prefer a claim until her death gave him opportunity to do so unopposed by her testimony, his own oath to the contrary will not prevail.

APPEAL from the Second District Court of New Orleans.　TISSOT, J.

*W. E. Murphy* for Plaintiff.　*Schmidt* and *Seghers* for Defendant Appellant.

Among the items of indebtedness sued for, was one of compensation for services rendered in collecting rents and the like.　The opinion reviews and analyses the testimony at length, from which the Reporter deduces the legal principle above digested.

MARR, J., delivered the opinion reversing the judgment.